1. ADMINISTRATOR—ACCOUNTING—PARTIES.
   Where the sureties on the bond of an administrator with the will annexed were discharged, and a new bond given, they are necessary parties to a voluntary accounting by him, and are entitled to file objections to the account.

2. SAME—ENFORCEMENT OF TRUST.
   Under Code Civ. Proc. § 2803, the next of kin is a proper person to compel the administrator to carry out a trust created by the will, as one interested in the application of the trust fund or of the income or other proceeds thereof.

In the matter of the estate of Mary Ann Sill. Proceeding for the settlement of the accounts of the administrator. Objections presented, filed, and hearing ordered.

E. A. Hayward, for petitioner.
Arnold & Cooke, for Edwin A. and Lucinda Wells.

WILLIS, S. This is a proceeding for a voluntary accounting by Melvin Maples, as administrator with the will annexed and trustee under the will of Mary Ann Sill, deceased. The will was admitted to probate August 23, 1870, and contains, among other provisions, the following:

"Item 14th: I will and bequeath one hundred and fifty dollars for the repairing and keeping in repair the cemetery on the Maples farm in Hartwick. I will that an iron fence be placed around it at a reasonable cost."

On the 4th day of March, 1872, a decree was made by the Surrogate's Court of Otsego county settling the account of the executor, and containing these provisions:

"Out of this sum last above stated the said executor is hereby directed to retain in his hands the sum of one hundred fifty dollars for the purpose of repairing and keeping in repair the cemetery on the Maples farm in Hartwick, and to carry out such trust as in and by the will of said deceased he is directed."

Subsequently, on the 24th day of September, 1884, the executor was, by a decree of said court, permitted to resign his said trust, and the present administrator with the will annexed was duly appointed in place of the said executor to execute said trust. He gave a bond with Edwin A. Wells and Lucinda Wells as sureties, and thereupon the trust funds, with the accumulations, amounting in all to $205, were paid over. to the said Melvin Maples as trustee. The decree appointing him provided, with reference to his duties, as follows:

"It is ordered, adjudged, and decreed that letters of administration regarding the trust created by the terms of the last will and testament of the said deceased, and the decree of this court entered March 4, 1872, be granted to Melvin Maples relating to the cemetery lot on the Maples farm in the town of Hartwick, New York, and that he forthwith execute the trust created thereby and by the terms of said will and decree he is directed."

Subsequently, and on the 3d day of April, 1901, upon the petition of said sureties, an order was made by this court requiring the said administrator and trustee to give a new bond, and discharging said sureties from liability for any subsequent defaults on the part of said administrator and trustee. Lucinda Wells is also alleged to be one of the heirs at law and next of kin of Mary Ann Sill, deceased. The administrator and trustee institutes a voluntary accounting, and cites as parties to said proceeding the said Edwin A. Wells and Lucinda Wells as sureties on his former official bond. Said sureties appeared upon the return day of said citation, and asked to file objections to the accounts of said administrator and trustee, the said Edwin A. Wells claiming such right as a former surety, and the said Lucinda Wells claiming the right both as a former surety and as one of the heirs at law and next of kin of said decedent. The right of these parties to object in any manner to the accounts so filed is denied by the petitioner, and the court is asked to hold that neither of the objecting parties has any standing in court which entitles them to be heard upon this accounting. The petition states that these two proposed contestants are necessary parties to be cited, and that they are necessary parties to the proceeding by the section of the Code of Civil Procedure under which the proceeding is instituted.

Section 2728 of the Code of Civil Procedure expressly requires that the sureties upon the official bond of an executor, or administrator, shall be cited and made parties to the proceeding for such accounting; and section 2802 of the Code of Civil Procedure, relating to the voluntary accounting of a testamentary trustee, also provides that the trustee's accounts may be settled "in the manner provided by law for the final judicial settlement of the accounts of executors and administrators," and that citation may be obtained and served in the same manner. It is compulsory upon the accounting representative to make the sureties upon an official bond given by such representative parties to his proceeding for an accounting. It is difficult to understand for what purpose they are thus required to be brought into court if it were held at the same time that they could not take any part in the proceeding. It has long been held that a decree made upon such an accounting, in the absence of fraud or collusion, is conclusive upon the rights and liabilities of the sureties. Scofield v.

Churchill, 72 N. Y. 565. I think the object of requiring sureties to be cited and made parties to a proceeding for an accounting was for the purpose of enabling them to be heard, and to see that a decree which was binding upon them in all subsequent proceedings was fairly and justly made. Lucinda Wells also claims the right to object as one of the heirs at law and next of kin of the testatrix. Assuming the provision of the will above cited to provide a permanent trust fund for the care and maintenance, in a suitable manner, of the said cemetery lot, who would be the proper person or persons to enforce the performance of the trust duties voluntarily assumed by the trustee? If the contention of the petitioner is correct that the next of kin have no interest in this trust entitling them to enforce its provisions, then it would seem to me that all that it would be necessary for a trustee to do, after obtaining possession of the trust fund, would be to ignore the trust entirely, with the assurance that there could not be the slightest possibility of his being called to an account by any person. It seems to me that some person must have the right, under section 2803 of the Code, as one interested in the application of the trust fund, or of the income or other proceeds thereof, to see that the trust is properly carried out. In this case who could it be if not the next of kin of the testatrix? I think that the objections presented by Edwin A. Wells and Lucinda Wells should be filed, and a hearing should be had thereon. The questions as to what extent they may thus be allowed to intervene are to be reserved and determined upon the hearing. I think that the foregoing disposes of all of the preliminary questions raised by the petitioner.

Decreed accordingly.